1

2

3

4

5

6

7                               UNITED STATES DISTRICT COURT

8                        FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   GREGORY BISI and LAURIE BISI,              No.  2:24-cv-01444-DAD-SCR

11                   Plaintiffs,

12           v.                                 FINDINGS AND RECOMMENDATIONS

13   SCOTT COOKE, et al.,

14                   Defendants.

15

16          Plaintiffs are proceeding pro se in this matter, which is referred to the undersigned

17   pursuant to Local Rule 302(c)(21).  Plaintiffs filed this action styled as a "common-law claim for

18   damages" in which they complain about the financing and repossession of an automobile.  ECF

19   No. 1-2.

20          Before the Court are two motions filed by Defendants.  Defendant Toyota Financial

21   Services ("Toyota") moves to compel arbitration.  ECF Nos. 7 and 9.  Defendant Scott Cooke,

22   President and Chief Executive Officer of Toyota, moves to dismiss the claims against him based

23   on lack of personal jurisdiction and failure to state a claim.  ECF No. 10.  Plaintiffs filed

24   objections to the pending motions (ECF No. 12) and an objection to this matter being heard by a

25   Magistrate Judge (ECF No. 13).  The Court scheduled a hearing on these matters by Zoom on

26   October 17, 2024.[1]  Plaintiffs did not appear at that hearing.  For the reasons provided below, the

27   _____

[1]  The Court had previously set a hearing on September 26, 2024.  However, due to a clerical
28   error, the Zoom login information shared with the parties for that initial hearing was incorrect.

Court will recommend that the motions be granted and that this action be dismissed without leave to amend.

## I.      Legal Standard for Motion to Dismiss under Rule 9(b), 12(b)(2), & 12(b)(6)

Federal Rule of Civil Procedure 9(b) requires that a party alleging fraud "must state with particularity the circumstances constituting fraud."  A motion to dismiss a fraud-related complaint under Rule 9(b) for failure to plead with particularity is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1107 (9th Cir. 2003).  "If insufficiently pled averments of fraud are disregarded, as they must be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint."  *Id.*  Generally, a dismissal for failure to plead with particularity under Rule 9(b) should be without prejudice, and leave to amend be given, unless amendment would be futile.  *Id.* at 1108.

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require

---

Court staff attempted to contact Plaintiffs on September 26 to provide them corrected Zoom login information, but was unable to reach them.  Counsel for Defendants appeared at the September 26 hearing, but the Court heard no argument and reset the hearing for October 17 to ensure Plaintiffs would have an opportunity to participate.

1    detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-

2    harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels

3    and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550

4    U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of

5    action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume

6    that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the ...

7    laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State

8    Council of Carpenters*, 459 U.S. 519, 526 (1983).

9         In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to

10   consider material that is properly submitted as part of the complaint, documents that are not

11   physically attached to the complaint if their authenticity is not contested and the plaintiffs'

12   complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250

13   F.3d. 668, 688–89 (9th Cir. 2001).

14        When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2),

15   the plaintiff bears the burden of demonstrating that jurisdiction is appropriate.  *Schwarzenegger v.

16   Fred Martin Motor Co*., 374 F.3d 797, 800 (9th Cir. 2004).  The plaintiff need only make a prima

17   facie showing of jurisdictional facts, but cannot "simply rest on the bare allegations of its

18   complaint." *Id.* (quotation omitted).  Conflicts over statements contained in affidavits concerning

19   jurisdiction must be resolved in the plaintiff's favor.  *Id.*  However, the court "may not assume the

20   truth of allegations in a pleading which are contradicted by affidavit." *Data Disc., Inc. v. Sys. Tech.

21   Assocs., Inc*., 557 F.2d 1280, 1284 (9th Cir. 1977).  If there is no applicable federal statute

22   governing personal jurisdiction, then the court applies the law of the state in which the district court

23   is located.  In California, "[f]or a court to exercise personal jurisdiction over a nonresident

24   defendant, that defendant must have at least 'minimum contacts with the relevant forum such that

25   the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'"

26   *Schwarzenegger*, 374 F.3d at 801 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310,

27   316 (1945)).

28   ////

## II.      Background Allegations

Plaintiffs claim to be "bringing forth a Tort claim" against Defendants.  ECF No. 1 at 1.  Plaintiffs claim some sort of fraudulent transaction involving the financing of a 2023 Toyota Tundra.  Plaintiffs claim they purchased the vehicle, entered into a contract, and thought that Toyota was "putting forth its money" and "making a loan" to Plaintiffs.  ECF No. 1 at 2.  Plaintiffs state there was an attempted repossession of the vehicle.  Plaintiffs seek damages in the amount of $89,164, "plus costs and filing fees in the amount of $8,400," and a release of the lien and title to the Toyota Tundra.  ECF No. 1 at 4.

Plaintiffs have filed with the four-page complaint a nearly 20-page memorandum and exhibits.  ECF No. 1-2.  The memorandum contains a bit more factual detail, but is unclear and contains numerous pages of conclusory legal assertions.  The exhibits include an "Affidavit of Distinguishment" in which each Plaintiff asserts that they are not a "person," "plaintiff," or litigant and their names cannot be used in any legal sense.  ECF No. 1-2 at 38-39.

## III.      Analysis

### A.  Toyota's Motion to Compel Arbitration

Defendant Toyota moves to compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-14 ("FAA").  The FAA provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 215 (1985) (citing 9 U.S.C. § 2).  In deciding a motion to compel arbitration, the court "is limited to determining (1) whether a valid agreement to arbitrate exists [within the contract] and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1017 (9th Cir. 2016).  Because there is a federal policy in favor of arbitral dispute resolution, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.  *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 631 (1985).  Once a court determines the existence of a binding arbitration agreement, it has discretion to dismiss or stay the action.  *Villa v. Gruma Corp.*, No. 1:19-cv-01721-DAD-BAM, 2020 WL 433098 at *2 (E.D. Cal. Jan. 28, 2020).

1    Toyota attached to the Motion to Compel the Retail Installment Sales Contract with

2 Plaintiffs (the "Contract"). ECF No. 9-1 at 6. The Contract contains an arbitration clause with

3 the heading: "ARBITRATION PROVISION  PLEASE REVIEW – IMPORTANT – AFFECTS

4 YOUR LEGAL RIGHTS." *Id.* at 10. The provision applies to "[a]ny claim or dispute, whether

5 in contract, tort, statute or otherwise … which arises out of or relates to your credit application,

6 purchase or condition of this Vehicle, this contract or any resulting transaction …". *Id.* Just

7 above the buyer signature line, the Contract provides in part: "You agree to the terms of this

8 contract, you confirm that before you signed this contract, we gave it to you, and you were free to

9 take it and review it. You acknowledge that you have read all pages of this contract, including

10 the arbitration provision on page 5, before signing below. You confirm that you received a

11 completely filled-in copy when you signed it."[2] *Id.* at 11.

12    Plaintiffs do not dispute the existence of the Contract or the arbitration clause. Moreover,

13 Plaintiffs' objections to the Motion to Compel and Motion to Dismiss (ECF No. 12) largely fail to

14 substantively engage the arguments raised by Defendant. Plaintiffs nonsensically argue that

15 Defendants' Motions "are not admissible," and that no judicial officer has the authority to dismiss

16 their claims or entertain the Motions. ECF No. 12 at 1. Plaintiffs briefly assert that they were

17 "induced improperly" into the arbitration agreement, but do not explain why or in what manner

18 they believe they were so induced. *Id.* at 2. Plaintiffs suggest it would be an "act of treason" to

19 grant the Motions. *Id.* Plaintiff's objections are largely non-responsive and also comment on

20 subjects not at issue in this action, such as abortion and same-sex marriage. *Id.* at 4.

21    The Court finds there is a valid agreement to arbitrate, and as this dispute arises out of

22 Plaintiffs' application for credit and purchase of the vehicle it is clearly within the scope of the

23 agreement. The Court has discretion to dismiss or stay the action pending arbitration. *Villa*, 2020

24 WL 433098, at *2. If all the claims are subject to arbitration, it can be preferable to dismiss the

25 action without prejudice. *Id.* ("Because all of plaintiff's claims are subject to arbitration, the

26 court can discern no reason to stay this action, and plaintiff has not provided the court with any

27

28    [2]  This statement appears in ALL CAPS in the Contract.

reasons why it should do so.").  Here, any of Plaintiffs' claims against Toyota are subject to arbitration.  Plaintiffs also assert claims against Defendant Cooke.  But as explained below, those claims should be dismissed with prejudice for lack of personal jurisdiction.  Thus, this is a situation where, in substance, all claims in the case are subject to arbitration.  The undersigned accordingly recommends dismissal of the claims against Toyota without prejudice.  *See Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) ("If a court determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration."); *Calzadillas v. Wonderful Co., LLC*, No. 1-19-cv-00172-DAD-JLT, 2019 WL 5448308, at *4 (E.D. Cal. Oct. 24, 2019) ("[B]ecause all of plaintiffs' claims are subject to arbitration, the court concludes that dismissal [without prejudice] is appropriate.").

### B. Cooke's Motion to Dismiss (ECF No. 10)

Cooke argues that Plaintiffs failed to plead fraud with the required particularity.  The Court agrees.  The Complaint contains conclusory assertions that there was a "fraudulent transaction" and that they thought Toyota was loaning them money, but the debt obligation was sold to Toyota Auto Receivables.  ECF No. 1 at 1-2.  Plaintiffs do not plead fraud with particularity.  The memorandum attached to their Complaint (ECF No. 1-2) contains more conclusory allegations that Toyota engaged in deceptive practices and fraud, without explaining why the transfer of a debt obligation to another financing institution was deceptive or fraudulent. Plaintiffs have accordingly failed to state a claim for relief against Cooke and have failed to satisfy Rule 9's pleading requirements for a fraud claim.[3]

Cooke also argues that he is not subject to the jurisdiction of this Court.  Cooke submitted a declaration stating he has resided in Texas for the last 10 years.  ECF 10-2.  He does not own property in California, hold any professional licenses issued by California, or regularly conduct

---

[3]  Cooke also argues that he cannot be held personally liable for Toyota's allegedly unlawful conduct under legal principles that shield corporate officials from liability.  ECF No. 10 at 7. However, contrary to Cooke's argument, Plaintiffs do in fact allege specific facts—though they are borderline implausible—regarding his purported personal involvement in the disputed acts. *See* ECF No. 1 at 3.  Regardless, the Court need not analyze this issue at length because Cooke's Motion is resolved in his favor on other grounds.

personal business in California.  *Id*.  Cooke states he has never interacted with Plaintiffs, did not

negotiate, sign, or draft the Contract, and has not traveled to California for business purposes

related to the Contract.  *Id*.  Cooke's affidavit contains several other assertions intended to show

he did not have minimum contacts with California and asserts he did not engage "in any conduct

that would purposefully avail myself of the benefits and protections of California law."  *Id*. at ¶¶

11-17.

      Plaintiffs' objection (ECF No. 12) offers no argument to counter Cooke's argument

regarding lack of personal jurisdiction.  Plaintiffs bear the burden of demonstrating that

jurisdiction is appropriate.  *See Schwarzenegger*, 374 F.3d at 800.  For general jurisdiction to

exist over a nonresident defendant, such as Cooke, the defendant must engage in continuous and

systematic general business contacts that "approximate physical presence" in the forum state.  *Id.*

at 801.  Cooke submitted an affidavit that he did not have such systematic general business

contacts, and Plaintiff offered nothing to rebut it.  General jurisdiction is lacking.

      As for specific jurisdiction, there is a three-part test to determine if the defendant has

sufficient minimum contacts:

    (1) The non-resident defendant must purposefully direct his activities or consummate

        some transaction with the forum or resident thereof; or perform some act by which he

        purposefully avails himself of the privilege of conducting activities in the forum,

        thereby invoking the benefits and protections of its laws;

    (2) The claim must be one which arises out of or relates to the defendant's forum related

        activities; and

    (3) The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it

        must be reasonable.

*Id.* at 802.  Applying this test to the relevant facts demonstrates that there is no specific

jurisdiction over Cooke.

      Plaintiffs allege in the Complaint that Cindy, a Customer Care analyst, acted at the

direction of Cooke when she sent threatening letters and that Anna from the Fraud Department

acted at the direction of Cooke.  ECF No. 1 at 3.  Plaintiffs also allege that Cooke directed the

1  attempted repossession of their vehicle.  *Id.*  By contrast, in support of his Motion to Dismiss,

2  Cooke submitted a declaration stating, "I have never personally directed or authorized anyone to

3  speak or interact with Plaintiffs," "I was not involved in the day-to-day operations or specific

4  activities in California that are the subject of Plaintiffs' claims," and "I did not personally instruct,

5  direct, or authorize any person or company to repossess or attempt to repossess Plaintiffs'

6  automobile."  ECF No. 10-2 at ¶¶ 8, 11, 12.  Plaintiffs did not submit a declaration in opposition

7  to Cooke's Motion to contest these statements by Cooke or otherwise seek to substantiate the

8  allegations of Cooke's personal involvement that they made in the Complaint.

9           Where, as here, a motion to dismiss is "based on written materials rather than an

10  evidentiary hearing," a plaintiff cannot "simply rest on the bare allegations of its complaint."

11  *Schwarzenegger*, 374 F.3d at 800 (quotation omitted).  Here, Cooke's declaration directly

12  contradicts the allegations Plaintiff made in the Complaint about his involvement in the financing

13  and repossession here in California.  The Court "cannot 'assume the truth of allegations in a

14  pleading which are contradicted by affidavit.'"  *LNS Enterprises LLC v. Continental Motors Inc.*,

15  22 F.4th 852, 858 (9th Cir. 2022) (quoting *Data Disc., Inc.*, 557 F.2d at 1284).  While conflicts

16  over statements contained in affidavits concerning jurisdiction must be resolved in the plaintiff's

17  favor, *Schwarzenegger*, 374 F.3d at 800, Plaintiffs submitted no such affidavit or declaration.[4]

18  *See Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir. 1977) (holding that,

19  once defendant challenged personal jurisdiction in motion to dismiss, plaintiff "could not simply

20  rest on the bare allegations of its complaint, but rather was obligated to come forward with facts,

21  by affidavit or otherwise, supporting personal jurisdiction").  In light of the unrebutted evidence

22  in Cooke's declaration, there is no credible evidence that he purposefully directed his activities

23  towards Plaintiffs in California or directed any of his activities towards them.  On this record,

24  Cooke lacks minimum contacts with California for specific jurisdiction.[5]

25

26  [4]  "Declarations and affidavits are functional equivalents in this context.  *See* 28 U.S.C. § 1746."
    *LNS Enterprises LLC*, 22 F.4th at 858.

27  [5]  Cooke requests judicial notice of the Contract in connection with his Motion to Dismiss.  ECF
    No. 11.  Because the Court need not rely on the Contract to resolve Cooke's motion in his favor,

28  that request for judicial notice is denied.

1

### C.  Leave to Amend

2      As explained above, Plaintiffs fail to state a claim upon which relief may be granted and

3   the Complaint fails to comply with Rule 9's particularity requirement in pleading fraud.  Plaintiffs

4   are proceeding pro se and "[a] district court should not dismiss a pro se complaint without leave

5   to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by

6   amendment."  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  If the only problems with

7   Plaintiffs' complaint were the failure to state a claim upon which relief can be granted and failure

8   to satisfy Rule 9, the Court would recommend that leave to amend be granted.  However, the

9   record is clear that Plaintiffs' claims against Defendant Toyota are subject to mandatory

10  arbitration and that the Court lacks personal jurisdiction against Defendant Cooke.  No amended

11  pleading by Plaintiffs could show that they should be relieved from arbitrating disputes with

12  Toyota or that personal jurisdiction in this Court is proper as to Cooke.  Amendment would

13  accordingly be futile.

14     ### D.  Plaintiffs' Objection to Assignment to Magistrate

15     Plaintiffs object to this matter being heard by a Magistrate Judge.  ECF No. 13.  The

16  undersigned has authority to hear the motions and make findings and recommendations pursuant

17  to 28 U.S.C. § 636 and Local Rule 302(c)(21).  Plaintiffs wish to have their claim "refereed by an

18  Article III Constitutional judge."  ECF No. 13 at 2.  As set forth below, Plaintiffs may, should

19  they choose, file objections to these Findings and Recommendations with the assigned District

20  Court Judge.

21     **IT IS HEREBY RECOMMENDED** that:

22  1.  Defendant Toyota's Motion to Compel arbitration (ECF No. 9) be GRANTED, and

23       Plaintiffs claims against Toyota be dismissed without prejudice;

24  2.  Defendant Cooke's Motion to Dismiss (ECF No. 10) be GRANTED, and Plaintiffs'

25       claims against Cook be dismissed with prejudice due to a lack of personal jurisdiction;

26       and

27  3.  That the District Court Judge order the parties to submit Plaintiffs' claims in this action

28       against Toyota to an arbitration organization in accordance with the arbitration provision

1    in the Contract.

2         These findings and recommendations will be submitted to the United States District Court

3    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

4    days after being served with these findings and recommendations, either party may file written

5    objections with the court.  The document should be captioned "Objections to Magistrate Judge's

6    Findings and Recommendations."  The parties are advised that failure to file objections within the

7    specified time may result in waiver of the right to appeal the district court's order.  *Martinez v.*

8    *Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9    DATED: January 15, 2025

10

11   _____

12   SEAN C. RIORDAN
     UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28