UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BISI AND LAURIE BISI,<br><br>Plaintiffs,<br><br>v.<br><br>SCOTT COOKE, et al.,<br><br>Defendants. | No. 2:24-cv-01444-DAD-SCR (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT TOYOTA'S MOTION TO COMPEL ARBITRATION AND DEFENDANT COOKE'S MOTION TO DISMISS<br><br>(Doc. Nos. 7, 9, 10, 26) |

Plaintiffs Gregory and Laurie Bisi are proceeding *pro se* and initiated this civil action on May 22, 2024. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 15, 2025, the assigned magistrate judge issued findings and recommendations recommending that defendant Toyota Financial Service's ("Toyota") motion to compel arbitration (Doc. Nos. 7, 9) be granted and that defendant Cooke's motion to dismiss (Doc. No. 10) be granted as well. (Doc. No. 26.) Specifically, the magistrate judge found that, as to plaintiffs' claims brought against defendant Toyota, there was a valid agreement between the parties to arbitrate, that the claims asserted by plaintiffs against defendant Toyota in this action were within the scope of that arbitration agreement and, accordingly, that dismissal of this action as to defendant Toyota without prejudice was appropriate. (*Id.* at 5–6.) As to defendant Cooke's motion to dismiss, the magistrate judge concluded both that plaintiffs had failed to state a

cognizable claim for relief and, more importantly, plaintiffs had failed to come forward with facts in response to defendant Cooke's evidence supporting the court's lack of personal jurisdiction over him. (*Id.* at 6–8.) Finally, the magistrate judge found that because plaintiffs' claims brought against defendant Toyota were clearly subject to mandatory arbitration pursuant to the parties' agreement and this court lacked personal jurisdiction as to defendant Cooke, the granting of leave to amend would be futile. (*Id.* at 9.)

The pending findings and recommendations were served upon plaintiffs and contained notice that any objections thereto were to be filed within fourteen (14) days of the date of service. (*Id.* at 10.) Plaintiffs did not file any objections and the time in which to do so has now passed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the pending findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on January 15, 2025 (Doc. No. 26) are adopted;

2. Defendant Toyota's motion to compel arbitration (Doc. Nos. 7, 9) is granted and plaintiffs' claims against defendant Toyota are dismissed without prejudice, with those claims to be submitted for arbitration in keeping with the arbitration provision of the parties' contract;

3. Defendant Cooke's motion to dismiss (Doc. No. 10) is granted and plaintiffs' claims against defendant Cooke are dismissed with prejudice due to lack of personal jurisdiction; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **February 18, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

2